# Order

Michigan Supreme Court
Lansing, Michigan

September 25, 2019

159080

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
       Plaintiff-Appellee,

v

HILARY MARTINE ULP,
       Defendant-Appellant.

SC: 159080
COA: 335911
Macomb CC: 15-003612-FC

_____/

On order of the Court, the application for leave to appeal the December 11, 2018 judgment of the Court of Appeals is considered. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we REVERSE Part III of the Court of Appeals opinion and VACATE the August 10, 2017 and July 27, 2018 orders of the Macomb Circuit Court denying the defendant's postjudgment motions seeking an expert and discovery to aid in her appeal. The lower courts erred in concluding that defendant has failed to cite any authority in support of her claim that she is entitled to expert assistance at public expense in the context of a postjudgment *Ginther* hearing. See *People v Kennedy*, 502 Mich 206 (2018). Although the Court in *Kennedy* examined a claim in which funding for an expert was denied at the pretrial stage, neither *Kennedy* nor the constitutional rule on which it is based supports the circuit court's analysis. The circuit court concluded that *Kennedy* did not apply to the defendant's postjudgment motions because it applied only if " 'defendant made a sufficient showing that there exists a reasonable probability both that an expert would be of assistance to the defense and that denial of expert assistance would result in a fundamentally unfair *trial*.' " *People v Ulp*, opinion and order of the Macomb Circuit Court, issued July 27, 2018 (Case No. 2015-3612-FC), p 4, quoting *Kennedy*, 502 Mich at 228 (emphasis in *Ulp*). But as explained in *Kennedy* and *Ake v Oklahoma*, 470 US 68 (1985), the due process principles are not so limited. See *Kennedy*, 502 Mich at 218 (stating that "[o]ne thing about *Ake* is clear: it sets forth the due process analysis that a court must use when an indigent criminal defendant claims he or she has not been provided 'the basic tools of an adequate defense' and therefore did not have 'an adequate

opportunity to present [his or her] claims fairly within the adversarial system' "), quoting *Ake*, 470 US at 77; see also *Kennedy*, 502 Mich at 214, quoting *Ake*, 470 US at 77 (stating that " 'fundamental fairness entitles indigent defendants to an adequate opportunity to present their claims fairly within the adversarial system. To implement this principle, we have focused on identifying the basic tools of an adequate defense *or appeal*, and we have required that such tools be provided to those defendants who cannot afford to pay for them' ") (emphasis added); *Ake*, 470 US at 83 (requiring the appointment of an expert to "assist in evaluation, preparation, and presentation of the defense"); *McWilliams v Dunn*, 582 US ___, ___; 137 S Ct 1790, 1799 (2017) (reaffirming that *Ake* "clearly established" this right). We REMAND this case to the Macomb Circuit Court for reconsideration of the defendant's postjudgment motions on the merits.

We do not retain jurisdiction.





I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 25, 2019

Clerk

p0918